**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **JUDITH LAURENT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 11-2219 |
| ) | |
| **TIME INSURANCE COMPANY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

# REPORT AND RECOMMENDATION

In September 2011, Defendant Time Insurance Co. filed a Notice of Removal (#1) bringing this case to this Court from the Circuit Court for the Twenty-First Judicial Circuit, Iroquois County, Illinois. Plaintiff Judith Laurent filed her Complaint in state court against Defendant Time Insurance Co., Defendant Assurant Health, and Defendant Gary Nohovig, alleging breach of contract for failure to pay for medical costs incurred by Plaintiff's deceased husband, Thomas J. Laurent. (#1, pp. 8-10).[1] Federal jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

In September 2011, Defendant Time Insurance Co. filed a Motion of Defendant, Time Insurance Company, To Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(1) and (5) (#7). Rather than filing a response to the motion to dismiss, Plaintiff filed a Motion for Leave to File Amended Complaint (#13). Defendant filed Response of Defendant, Time Insurance Company, to Plaintiff's Motion for Leave to File an Amended Complaint (#14), essentially renewing its motion to dismiss pursuant to FED. R. CIV. P. 12(b)(5). After reviewing the parties' pleadings and memoranda, this Court recommends that the Motion of Defendant, Time Insurance Company, To Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(1) and (5) **(#7)** be **GRANTED**. For the reasons discussed below, the case should be dismissed with prejudice, and thus Plaintiff should not be permitted to file her proposed amended complaint.

---

[1] Defendant Assurant Health, a non-entity, was previously dismissed by this Court's Order dated September 27, 2011.

# I. Background

*A. Factual Background*

The following background is taken from Plaintiff's proposed First Amended Complaint. (#13-1).

On August 19, 2006, Thomas J. Laurent suffered an accidental fall that caused injuries that ultimately resulted in his death on September 11, 2006. The prior year, Mr. Laurent had purchased a health insurance policy from Defendant Time Insurance Co., which became effective on October 15, 2005. Plaintiff alleges that Defendant Nohovig, an agent of Defendant Time Insurance Co., told Mr. Laurent that the most he would have to pay out of pocket during any given year for medical expenses was the sum of $4,000.00, under the terms of the policy. After Mr. Laurent passed away, Plaintiff timely performed all acts required to make a claim for payment of the medical bills. Defendant Time Insurance Co. refused, and still refuses, to pay certain medical bills, in the total amount of $62,423.30. Plaintiff alleges that she realized Defendants would not provide coverage for these medical bills in April 2009.

*B. Procedural Background*

Plaintiff originally filed a Complaint in state court in November 2010, alleging breach of contract. Defendant Time Insurance Co. sought to dismiss the complaint on multiple grounds, including: (1) Plaintiff lacked standing to sue for breach of contract because she was not a party to the insurance contract; (2) Plaintiff failed to file suit within an applicable three-year statute of limitations period; and (3) Plaintiff failed to exercise reasonable diligence in effectuating service of process.

Plaintiff's proposed amended complaint would address the first two problems. In the proposed amended complaint, Plaintiff seeks to bring suit in her capacity as executor of the Estate of Thomas J. Laurent. Additionally, rather than bringing suit for breach of contract, the proposed amended complaint brings a count for common law fraud and a count for vexatious

refusal to pay. The statute of limitations for common law fraud is five years. *Pearl v. Waibel*, 688 N.E.2d 336, 340 (Ill. App. Ct. 1997).

In Defendant Time Insurance Co.'s response to Plaintiff's motion for leave to file an amended complaint, Defendant renews its motion to dismiss pursuant to FED. R. CIV. P. 12(b)(5), relating to service of process.

## II. Standard

While sitting in diversity, a federal court applies state service of process rules if they are an integral part of the state statute of limitations or repose. *Hinkle v. Henderson*, 135 F.3d 521, 522, fn. 1 (7th Cir. 1998). The Seventh Circuit has concluded that federal courts should apply state procedural rules to pre-removal conduct, and thus a federal court sitting in Illinois should consider Illinois Supreme Court Rule 103(b) in determining timeliness of service of process, where service of process occurred prior to removal. *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 (7th Cir. 2001). Illinois Supreme Court Rule 103(b) provides as follows:

> If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior to the expiration of the applicable statute of limitations, the action as to that defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice as to that defendant only and shall not bar any claim against any other party based on vicarious liability for that dismissed defendant's conduct. The dismissal may be made on the application of any party or on the court's own motion. In considering the exercise of reasonable diligence, the court shall review the totality of the circumstances, including both lack of reasonable diligence in any previous case voluntarily dismissed or dismissed for want of prosecution, and the exercise of reasonable diligence in obtaining service in any case refiled under section 13-217 of the Code of Civil Procedure.

Illinois Supreme Court Rule 103(b).

### III. Discussion

*A. Service of Process*

Plaintiff filed a Complaint in state court on November 8, 2010. Plaintiff did not attempt service of process until eight months later, on July 11, 2011, when summons was first issued. Plaintiff did not serve Defendant Time Insurance Co. with summons until August 19, 2011, over nine months after Plaintiff's complaint was filed.[2] Furthermore, this suit pertains to medical bills incurred by Mr. Laurent in August and September of 2006.

*B. Reasonable Diligence*

Dismissal under Rule 103(b) is within the sound discretion of the trial court. *Segal v. Sacco*, 555 N.E.2d 719, 720 (Ill. 1990). The plaintiff has the burden of showing reasonable diligence in service of process. *Id*. The plaintiff must also give a reasonable explanation for any apparent lack of diligence. *Womick v. Jackson Cnty. Nursing Home,* 561 N.E.2d 25, 29 (Ill. 1990). The court's inquiry in to whether the plaintiff has exercised reasonable diligence is an objective inquiry, rather than one based on a subjective test of plaintiff's intent. *Schusterman v. Nw. Med. Faculty Found.*, 552 N.E.2d 1178, 1192 (Ill. App. Ct. 1990).

In this case, Plaintiff notes in the proposed amended complaint that she did not realize that Defendants would not provide coverage and pay for all medical expenses until April 7, 2009. (#13-1, p. 4, ¶ 23). Even so, the Court notes that Plaintiff has provided no explanation for why she did not file a complaint until November 2010, nor has she explained why she did not complete service of process until August 2011. Given the lengthy delays and lack of explanation for the delays, the Court concludes that Plaintiff did not exercise reasonable diligence to obtain service on Defendant Time Insurance Co.

---

[2]The Court relies upon Defendant's summary of the relevant dates, as the copy of summons submitted to this Court is not entirely legible. (#1, p. 7).

*C. Statute of Limitations*

As previously noted, Illinois Supreme Court Rule 103(b) designates the circumstances under which a complaint should be dismissed with prejudice versus dismissed without prejudice, once a court has found a plaintiff has failed to exercise reasonable diligence to obtain service of process. If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice.

Plaintiff apparently concedes that her claim for breach of contract is barred by an applicable statute of limitations. The Medical Certificate issued to Mr. Laurent provides, in relevant part, "You cannot file a lawsuit before 60 days or more than 3 years after written proof of loss has been given to us." (#1, p. 47). Parties to a contract may agree upon a shortened contractual limitations period to replace a statute of limitations, as long as it is reasonable. *Fed. Ins. Co. v. Konstant Architecture Planning, Inc.*, 902 N.E.2d 1213, 1217 (Ill. App. Ct. 2009). Defendant notes that it received various medical bills, constituting written proof of loss, from August 30, 2006 to April 6, 2007. Plaintiff did not file her Complaint until November 2010, beyond the allowable three-year period of time. Defendant thus argues that the appropriate remedy is to dismiss Plaintiff's original complaint with prejudice.

With this, Defendant implies that it would be inappropriate to allow Plaintiff to file an amended complaint based on fraud, because the previous complaint for breach of contract should be dismissed with prejudice, and thus an amended complaint should be barred. In contrast, Plaintiff's implied position is that her new claim for fraud, which has a five year statute of limitations, should be unaffected by a finding that Plaintiff failed to exercise reasonable diligence in obtaining service of process for the previous claim for breach of contract. *Pearl v. Waibel*, 688 N.E.2d 336, 340 (Ill. App. Ct. 1997) (stating the statute of limitation for common law fraud claims).

At this juncture, the Court notes that Illinois courts disfavor claim-splitting, as discussed in greater detail below. *See Hudson v. City of Chi.*, 889 N.E.2d 210, 216 (Ill. 2008). Furthermore, a statute of limitations is not a nuisance, but an important rule serving to afford a

defendant a fair opportunity to investigate the circumstances upon which liability against him is predicated while the facts are accessible. *Segal v. Sacco*, 555 N.E.2d 719, 720 (Ill. 1990). The importance of this policy is reflected in Illinois Supreme Court Rule 103(b) itself, as the rule mandates that where a plaintiff fails to exercise reasonable diligence in obtaining service of process after a statute of limitations has run, the case shall be dismissed with prejudice. Supreme Court Rule 103(b) is designed to prevent the circumvention of the statute of limitations. *Segal*, 555 N.E.2d at 721. To effectuate these policies, as well as the spirit of Supreme Court Rule 103(b) that this Court now seeks to apply, this Court concludes that the most appropriate course of action is to rule on Defendant's motion to dismiss, before the Court considers Plaintiff's motion to file an amended complaint. Stated another way, allowing Plaintiff to file an amended complaint, without ruling on the motion to dismiss, would undermine these policies.

Thus, the Court must analyze Defendant's argument that dismissal with prejudice is warranted by Illinois Supreme Court Rule 103(b). The result is rather straightforward. Plaintiff filed her claim for breach of contract more than three years after the applicable statute of limitations had run. She did not exercise reasonable diligence in obtaining service of process after she filed her complaint. Therefore, Supreme Court Rule 103(b) provides that Plaintiff's complaint for breach of contract must be dismissed with prejudice. Plaintiff has not provided any explanation for delay in filing suit or obtaining service of process, nor does she dispute the applicability of the three-year statute of limitations to her breach of contract claim. Consequently, this Court recommends that Defendant's motion to dismiss be granted, and that Plaintiff's original complaint be dismissed with prejudice.

*D. Effect of Dismissing Plaintiff's Claim for Breach of Contract on Plaintiff's Right to File an Amended Complaint for Fraud*

Determining the effect of dismissing Plaintiff's original complaint with prejudice on her right to file an amended complaint is essentially a discussion of res judicata. Under Illinois law, res judicata will operate if (1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there was an identity of cause of action; and (3) there was an identity of parties or their privies. *Rein v. David A. Noyes & Co.*, 665 N.E.2d 1199, 1204 (Ill. 1996).

"The doctrine extends not only to what was actually decided in the original action, but also to matters which could have been decided in that suit." *Id*. The purpose of the prohibition is to prevent parties from splitting their claims into multiple actions. *Hudson v. City of Chi.*, 889 N.E.2d 210, 216 (Ill. 2008).

Regarding the first requirement, if a court dismisses a claim with prejudice based on an applicable statute of limitations, this constitutes a final judgment on the merits. *Rein*, 665 N.E.2d at 1204-05. Thus, in this case, if the Court grants Defendant's present motion to dismiss based on an applicable statute of limitations, this ruling potentially affects Plaintiff's right to file an amended complaint, if the other two elements of res judicata are present.

Regarding the second requirement, Illinois uses a transactional test to decide what counts as the same cause of action. *Chi. Title Land Trust Co. v. Potash Corp. of Saskatchewan Sales Ltd.*, 664 F.3d 1075, 1079 (7th Cir. 2011). According to that test, "separate claims will be considered the same cause of action for the purposes of res judicata if they arise from a single group of operative facts, regardless of whether they assert different theories of relief . . . . [T]he transactional test permits claims to be considered part of the same cause of action even if there is not a substantial overlap of evidence, so long as they arise from the same transaction." *Id*. at 1079-80 (quoting *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 893 (1998)). In this case, both Plaintiff's previous complaint alleging breach of contract and Plaintiff's proposed amended complaint alleging fraud stem from promises allegedly made by Defendant Nohovig at the time Mr. Laurent signed a contract for health insurance, specifically his promise that the most Mr. Laurent would have to pay out-of-pocket during any given year for a claim was $4,000.00. (#1, p. 9, ¶ 7; #13-1, p. 5, ¶ 26). As such, Plaintiff's claim for breach of contract and for fraud constitute the same cause of action for the purposes of res judicata under Illinois law.

Regarding the final requirement, there is an identity of parties or privies in this case because the claim for breach of contract and the claim for fraud are both properly claims belonging to Mr. Laurent. It does not affect the res judicata analysis that the first complaint was brought by Plaintiff Judith Laurent in her individual capacity, and the proposed amended complaint is brought Plaintiff in her capacity as Mr. Laurent's executive, as the first complaint should have been brought in a representative capacity.

The Court thus concludes that, given its determination that the original complaint should be dismissed with prejudice pursuant to Illinois Supreme Court Rule 103(b), granting Plaintiff leave to file her proposed amended complaint would be futile, because the claim would be barred by res judicata.

### IV. Summary

Accordingly, this Court recommends that the Motion of Defendant, Time Insurance Company, To Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(1) and (5) **(#7)** be **GRANTED**. The Court recommends that Plaintiff's complaint be dismissed with prejudice.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 16th day of April, 2012.

s/DAVID G. BERNTHAL
UNITED STATES MAGISTRATE JUDGE